UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-127-P-1**

**WENDELL WILLIAMS (01),**

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 24. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

In May 2016, Defendant Wendell Williams was convicted of aggravated assault with a deadly weapon, a felony punishable by imprisonment lasting over one year. More recently, in May 2026, a grand jury found Williams to have knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) or 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On June 21, 2026, Williams filed a Motion to Dismiss the Indictment arguing that: (1) Section 922(g)(1) exceeds Congress's power under the Commerce Clause; (2) Section 922(g)(1) is unconstitutional under the

Second Amendment; (3) Section 922(g)(1) violates the void for vagueness doctrine. The Court now addresses those arguments.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

In support of his Motion, Williams asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power, the void for vagueness doctrine, and the Second Amendment.

### A. Congress's Commerce Power and § 922(g)(1)

Williams first argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power."). The Court cannot look to the Fifth Circuit's granting of a rehearing en banc as authoritative.

Williams cites no binding authority that holds to the contrary. He even concedes that Fifth Circuit precedent squarely opposes his assertion. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

### B. The Void for Vagueness Doctrine and § 922(g)(1)

Williams next contends that § 922(g)(1) is unconstitutional under the void for vagueness doctrine.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). But the Fifth Circuit has consistently rejected such arguments as applied to this provision as Defendant concedes. *See, e.g., United States v. Landrum*, ___ F.4th ___, 2026 WL 621047, at *2–*3 (5th Cir. Mar. 5, 2026); *United States v. Bonner*, 159 F.4th 338, 340 (5th Cir. 2025) (citing *United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025)).

Williams again cites no binding authority to the contrary. Accordingly, Defendant's argument fails on the void for vagueness front too.

### C. The Second Amendment and § 922(g)(1)

Williams lastly contends that § 922(g)(1) is unconstitutional under the Second Amendment.

Williams argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen*, holding that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," reformulated the applicable legal test courts must use in determining whether restrictions on a law-abiding citizen's possession of a firearm are constitutional. *Bruen*, 597 U.S. at 17. Williams argues there is a lack of historical evidence that the United States has a tradition of prohibiting or regulating the possession of firearms by convicted felons. The Court disagrees.[1]

---

[1]The Second Amendment was widely understood to codify a pre-existing right, not grant a new one. *District of Columbia v. Heller*, 554 U.S. 570, 603 (2008). But that right has never been unlimited. *Id.* at 626. Indeed, the United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day. *See* Robert J. Spitzer, *Gun Law History in the United States and Second*

In any event, this Court need not conduct an exhaustive evaluation of Williams's facial challenge because the Fifth Circuit recently foreclosed such a challenge. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024); *see also United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) ("As the Diaz panel found at least one constitutional application of 922(g)(1), *see Diaz*, 116 F.4th at 471, [Defendant's] facial challenge is foreclosed.").

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Williams's Motion to Dismiss the Indictment. ECF No. 24.

**SO ORDERED** on this **5th day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

*Amendment Rights,* 80 Law & Contemp. Probs. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category). Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other "criminals," or non-citizens. *Id.* at 60. This history of allowing only those citizens who are "law-abiding" to own or possess firearms is what the Court in *Heller* and *Bruen* left undisturbed. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").